# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ALABAMA STATE CONFERENCE OF THE N.A.A.C.P., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| THE STATE OF ALABAMA, *et al.*, | ) ) |
| Defendants. | ) |

Civil Action No.:
2:16-cv-731-WKW

## ANSWER

Defendants, the State of Alabama and Secretary of State John H. Merrill, for their answer to Plaintiffs' Complaint, state as follows:

## Answers to Numbered Paragraphs

1. Admitted.

2. Defendants admit that there are 19 Justices/Judges on Alabama's three appellate courts, and that all current Justices/Judges are white. Defendants further admit that approximately one quarter of Alabama's population is African-American. Defendants deny the remaining allegations of paragraph 2.

3. Denied.

4. Admitted.

5. Denied.

1

6. Defendants deny that Plaintiffs are entitled to relief.

7. Defendants admit that this Court has jurisdiction over Plaintiffs' claims, except to the extent such claims are barred by sovereign immunity or lack of standing.

8. Defendants admit that this Court has jurisdiction over Plaintiffs' claims, except to the extent such claims are barred by sovereign immunity or lack of standing. Defendants deny that Plaintiffs are entitled to relief.

9. Admitted.

10. Admitted.

11. Admitted, except that the Defendants deny that any pending lawsuits against them (jointly or severally) by the Alabama NAACP are needed to protect the right to vote.

12. Defendants lack sufficient information to admit or deny the allegations of paragraph 12.

13. Defendants lack sufficient information to admit or deny the allegations of paragraph 13.

14. Defendants lack sufficient information to admit or deny the allegations of paragraph 14.

15. Defendants lack sufficient information to admit or deny the allegations of paragraph 15.

16. Admitted.

17. Admitted.

18. The statute cited speaks for itself. Defendants deny that judicial elections in Alabama violate federal law.

19. Admitted, except that Defendants deny that the numbered places have "no functional significance."

20. Admitted, except that Defendants deny that the numbered places have "no functional significance."

21. Admitted.

22. Admitted.

23. Denied.

24. Denied.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Defendants do not have sufficient information to admit or deny allegations concerning how many African-American candidates have run for appellate judgeships since 2000, but admit that none have been elected during that time period.

38. Admitted.

39. Denied.

40. No response is required to the legal arguments in paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Denied with respect to judicial elections.

45. Denied with respect to judicial elections.

46. Denied.

47. Defendants admit the existence of voting discrimination against African-Americans in the 1960s and earlier.

48. The *Dillard* decisions speak for themselves, and the switch to at-large elections in County Commissions is very different from the consistent use of at-large elections for judicial elections.

49. Defendants admit that the Department of Justice objected to voting changes made by Alabama and its subjurisdictions (as well as the Democratic Party and its affiliates) when Alabama was under the unconstitutional preclearance regime, but deny that an objection means that any voting change was discriminatory. Defendants aver that it appears Plaintiffs only could have reached the number of 48 by including objections which were subsequently withdrawn and/or objections directed to the Alabama Democratic Party and its affiliates.

50. Denied with respect to judicial elections.

51. Defendants admit that a majority vote is required to prevail in a primary election, that appellate Justices/Judges run for staggered terms and numbered places, and that elections for appellate Justices/Judges are at-large. Defendants deny that these practices and procedures are discriminatory.

52. Denied.

53. Defendants admit that African-Americans in Alabama are more likely than whites to live below the poverty line and to lack a high school diploma, but deny the remaining allegations in paragraph 53.

54. Defendants admit that African-Americans in Alabama are under-represented in certain elected offices, but deny the remaining allegations in paragraph 54.

55. Defendants lack sufficient information at this time to admit or deny the number of African-American candidates for state-wide political office in Alabama since 2000, but admit that none have been elected during that time.

56. Admitted.

57. Defendants admit that Alabama appellate courts render decisions that impact the lives of all Alabamians and admit that the Equal Justice Initiative has published the cited statistics, but lack sufficient information to admit or deny the accuracy of those statistics.

58. Admitted that the *Miller* decision provided that States must consider the possibility of parole for murderers who are juveniles.

59. Denied.

### *Claim for Relief*

60. Defendants adopt and incorporate the foregoing paragraphs as if set forth fully herein.

61. Denied.

62. Denied.

63. Denied.

64. Defendants admit that Alabama intends to continue to elect appellate Judges and Justices at-large, and deny the remaining allegations in paragraph 64.

## *Prayer for Relief*

Defendants deny that Plaintiffs are entitled to relief.

## **Additional Defenses**

1. Defendants deny any allegation in Plaintiffs' complaint that is not expressly admitted above.

2. A reading of Section 2 of the Voting Rights Act permitting a federal court to redefine the office of Justice/Judge in Alabama would render Section 2 unconstitutional.

3. A reading of Section 2 of the Voting Rights Act that requires Alabama to elect appellate Justices/Judges by districts would render Section 2 unconstitutional.

4. Section 2 of the Voting Rights Act does not entitle Plaintiffs to elect Justices/Judges of Alabama's appellate courts "in numbers equal to their proportion in the population." 52 U.S.C. § 10301(b).

5. The claims against the State of Alabama are barred by sovereign immunity.

6. Some or all Plaintiffs lack standing.

7.      Defendants reserve the right to argue for a change in the law recognizing that Section 2 of the Voting Rights Act does not support a vote dilution claim.

8.      The remedies that Plaintiffs seek are not valid.

9.      Alabama's interest in its constitutional form of government outweighs any interest Plaintiffs have in altering the structure of appellate courts.

10.     Plaintiffs have failed to state a claim on which relief can be granted.

                        Respectfully submitted,

                        Steven T. Marshall
                        *Attorney General*

                        */s/James W. Davis*
                        James W. Davis
                        *Deputy Attorney General*
                        Misty S. Fairbanks Messick
                        *Assistant Attorney General*

                        Office of the Attorney General
                        501 Washington Avenue
                        Montgomery, Alabama 36130-0152
                        (334) 242-7300
                        wsinclair@ago.state.al.us

                        **Counsel for the Defendants**

## CERTIFICATE OF SERVICE

I certify that on September 14, 2017, I filed the foregoing document electronically via the Court's CM/ECF system, which will send a copy to all counsel of record.

s/James W. Davis<br>
***Counsel for the Defendants***